NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0168n.06

No. 19-5268

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 24, 2020
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

PETER GRAVES,

  Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF TENNESSEE

OPINION

---

BEFORE: SUHRHEINRICH, BUSH, and MURPHY, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** Peter Graves appeals his 82-month sentence, imposed after a jury convicted him of attempted witness tampering in violation of 18 U.S.C. § 1512(b)(2)(A). Graves argues that the sentence imposed by the district court was procedurally unreasonable and that there was insufficient evidence to convict. For the following reasons, we **AFFIRM** Graves's sentence and the judgment of the district court denying Graves a new trial.

**I.**

In 2016, a federal grand jury indicted Graves for being a felon knowingly in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Graves pleaded not guilty. While awaiting trial, Graves addressed a letter to Jeni Hill, a potential witness, urging her to check herself into a mental health treatment facility to avoid being compelled to testify at trial. He wrote, in part: "hey, baby, by any chance when you get this letter, when the day comes go check yourself into Pathways [a mental health facility]. Tell them you are stressed and you have a lot going on with yourself, so

they may not be [able to] go through with this." (R. 98 at PageID 379) Graves also placed telephone calls to Hill on a recorded line from the detention facility. During the calls, Graves again encouraged Hill to check herself into a mental institution, suggested that she go stay with his cousin in Nashville, and asked that they rehearse Hill's testimony.

In 2017, the grand jury returned a superseding indictment against Graves, adding a count of "knowingly attempt[ing] to corruptly persuade Jeni Hill by corrupt persuasion with the intent to cause or induce Jeni Hill to withhold testimony from trial," in violation of the federal witness tampering statute, 18 U.S.C. § 1512(b)(2)(A). Following two days of the government presenting proof in a jury trial, at which the letter and phone call between Graves and Hill were admitted as exhibits, the jury found Graves not guilty of the firearms offense and guilty of the witness tampering charge. Graves filed a motion for a new trial, challenging, among other things, the sufficiency of the evidence for the conviction on the witness tampering charge. The district court denied that motion.

At sentencing, the district court applied enhancements under U.S.S.G. §§ 2K2.1(b)(4)(A) and 2K2.1(b)(6)(B) to the base offense level, and it determined the Guideline range to be 51 to 63 months. The court then granted the government's motion for an upward departure and sentenced Graves to 82 months of imprisonment. Graves timely appealed.

On appeal, Graves argues that the sentence imposed by the district court was procedurally unreasonable, and that the government did not present evidence sufficient to prove the witness tampering offense. We address each argument in turn.

**II.**

**A. Procedural Reasonableness of the Sentence**

The only argument that Graves makes with respect to the procedural reasonableness of his sentence is that the district court improperly applied an obstruction-of-justice enhancement under U.S.S.G. § 3C1.1. However, the Presentence Investigation Report did not impose any enhancements under U.S.S.G. § 3C1.1, and neither did the district court at sentencing. Graves did not challenge the enhancements that the district court did apply, nor did he challenge the upward departure. Accordingly, Graves forfeited any such arguments. *United States v. Wooden*, 945 F.3d 498, 506 (6th Cir. 2019) (citing *Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 257 (6th Cir. 2018) ("[W]e have long held that a party forfeits any claim that is not set forth in the party's opening brief.").

**B. Sufficiency of the Evidence**

With respect to the sufficiency of the evidence for the witness tampering conviction, Graves submits, without any further argument, that "there was insufficient proof present [sic] to the Jury upon which could be the foundation for a conviction." (Appellant Br. at 16) That bare-bones assertion, which does not even address the evidence the government presented, also constitutes a forfeiture of Graves's argument. *See McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) (citations omitted) (first and third alterations in original) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed [forfeited]. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

But, even assuming Graves did not forfeit his argument, the jury had more than sufficient evidence to convict Graves. We must uphold a conviction "if the evidence, viewed in the light

most favorable to the government, would allow a rational trier of fact to find the defendant guilty beyond a reasonable doubt." *United States v. Solorio*, 337 F.3d 580, 588 (quotation omitted) (6th Cir. 2003). We "neither independently weigh[] the evidence, nor judge[] the credibility of witnesses who testified at trial." *United States v. Talley*, 164 F.3d 989, 996 (citation omitted) (6th Cir. 1999).

Graves was convicted under the federal witness tampering statute, which makes it a crime to "knowingly use[] intimidation, threaten[], or corruptly persuade[] another person, or attempt[] to do so, or engage[] in misleading conduct toward another person, with intent to . . . cause or induce any person to . . . withhold testimony, or withhold a record, document, or other object, from an official proceeding." 18 U.S.C. § 1512(b)(2)(A). We have held that a defendant urging a witness in an official proceeding to lie is sufficient evidence of witness tampering. *See United States v. Burns*, 298 F.3d 523, 540 (6th Cir. 2002) ("[Defendant] attempted to 'corruptly persuade' [the witness] by urging him to lie about the basis of their relationship"); *United States v. Lavictor*, 848 F.3d 428, 458–59 (6th Cir. 2017) ("[Defendant's] conduct in this case was tantamount to an encouragement to lie" because "[h]e wrote out an affidavit and requested that [the witness] copy it in her own handwriting and present it to the court.").

Here, Graves's letter and subsequent call to Hill show that he encouraged Hill to feign mental stress and check herself into a hospital for the purpose of making herself unavailable to testify against him. In other words, he urged Hill to engage in fraud to resist a lawful subpoena to testify, and he thereby "induce[d] [Hill] to . . . withhold testimony . . . from an official proceeding." 18 U.S.C. § 1512(b)(2)(A). This proof was sufficient to sustain Graves's conviction of witness

tampering under 18 U.S.C. § 1512(b)(2)(A). *See Burns*, 298 F.3d at 540; *Lavictor*, 848 F.3d at 458–59.

## III.

For the foregoing reasons, we **AFFIRM** Graves's sentence and the district court's judgment denying Graves a new trial.